UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-557-FDW
(3:06-cv-96-FDW-DSC-1)

| | |
|---|---|
| WILLIAM ROOSEVELT CLOUD, | ) |
| | ) |
| Petitioner, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1).

**I.    BACKGROUND**

Petitioner was charged in a mortgage fraud conspiracy with: Count (1), conspiracy to commit offenses against the United States, including making a false statement and application in relation to a loan, mail fraud, wire fraud, and bank fraud (18 U.S.C. § 371); Counts (2)-(4), mail fraud (18 U.S.C. §§ 1341 and 2); Counts (5)-(12), (15)-(18), (25), bank fraud (18 U.S.C. §§ 1344 and 2); Count (27), money laundering conspiracy (18 U.S.C. § 1956(h)); Counts (28)-(33), money laundering conspiracy (18 U.S.C. §§ 1956(a)(2) and 2); Count (34), money laundering (18 U.S.C. §§ 1957(a) and 2). (3:06-cr-96, Doc. No. 122). A jury found Petitioner not guilty of Count (34) and guilty of all the other Counts. (Id., Doc. No. 141). The Court sentenced him to a total of 324 months' imprisonment, consisting of 60 months for Count (1), 240 months for Counts (2)-(4), 324 months for Counts (5)-(12), (15)-(18) and (25), and 240 months for Counts (27)-(33), concurrent, followed by three years of supervised release. (Id., Doc. No. 240).

1

The Fourth Circuit Court of Appeals reversed the money laundering convictions in Counts (28)-(33) and vacated the attorney's fee reimbursement order, affirmed in all other respects, and remanded for resentencing. United States v. Cloud, 680 F.3d 396 (4th Cir. 2012), *cert. denied* 568 U.S. 862 (2012).

On January 7, 2014, Petitioner filed a § 2255 Motion to Vacate which the Court dismissed without prejudice because Petitioner had not yet been resentenced and his judgment was not yet final, case number 3:14-cv-6.

On remand, the Court entered an Amended Judgment on September 23, 2015 sentencing Petitioner to a total of 324 months' imprisonment consisting of 60 months for Count (1), 240 months for Counts (2)-(4), 324 months for Counts (5)-(12), (15)-(18) and (25), and 240 months for Count (27), concurrent, followed by three years of supervised release. (3:06-cr-96, Doc. No. 281). Petitioner did not appeal.

On January 3, 2017, Petitioner filed a 542-page document in the Eastern District of North Carolina that purported to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, because the filing challenged the legality of the conviction and sentence, rather than its execution, the Eastern District provided Petitioner an opportunity to convert his § 2241 petition into a § 2255 Motion to Vacate. Upon receiving notice from Petitioner agreeing to the recharacterization, the Eastern District transferred the case to this Court where it was opened as a new civil case, 3:18-cv-88. This Court entered an Order notifying Petitioner that his § 2255 Motion to Vacate failed to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts, provided him a blank § 2255 form, and instructed Petitioner to complete and sign the form, and return it within 21 days, and cautioned him that the failure to comply would result in dismissal without further notice. On June 25, 2018, Petitioner filed a

document rescinding his permission to convert the § 2241 petition into a § 2255 Motion to Vacate and arguing that § 2255 is inadequate or ineffective to test the legality of his detention. The Court dismissed the converted § 2255 Motion to Vacate because Petitioner failed to comply with the Court's Order and found that it lacked jurisdiction to consider the merits of his § 2241 petition. The Court thus instructed the Clerk to amend the docket to reflect the reinstatement of the § 2241 petition and dismissed it for lack of jurisdiction. Cloud v. United States, 2018 WL 3447186 (W.D.N.C. July 17, 2018). Petitioner did not appeal.

Petitioner next filed a Rule 60(b) Motion dated November 14, 2018, in which he again sought to challenge his criminal judgment, case number 3:18-cv-628. The Court entered a Notice and Order on November 29, 2018, notifying Petitioner that it intended to recharacterize the Rule 60(b) Motion as a § 2255 Motion to Vacate and providing him 21 days to inform the Court in writing whether he agreed to the recharacterization. Petitioner filed a "Conditional Permission…" more than four months later on April 15, 2019 purporting to grant the Court permission to recharacterize the Rule 60(b) Motion as a § 2255 Motion to Vacate so long as it was construed to be timely under § 2255. The Court found the Conditional Permission to be untimely filed and of no legal effect and dismissed the § 2255 Motion to Vacate with prejudice as time-barred. Cloud v. United States, 2019 WL 2368620 (W.D.N.C. June 4, 2019). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on October 15, 2019, in which he again challenges his conviction and sentence. He argues, *inter alia*, that the Indictment is invalid, the prosecutor withheld exculpatory evidence, the Court lacked jurisdiction over his case, and counsel's assistance was ineffective. Although the pleading is on a § 2255 form, Petitioner argues that "28 USC 2255 is inadequate…" and that he is innocent. (Doc. No. 1-1 at 35-36). Petitioner also appears to claim that he is being subjected to judicial bias due to the handling of his prior

3

post-conviction actions. Petitioner contends that the instant Motion to Vacate is timely because "[a]greement is the statute of limitation (one year filing) begins the date this 28 USC 2255 is accepted by the Clerk of Court." (Doc. No. 1 at 25). He seeks immediate release, vacatur of the judgment, expungement of his records, and $3,500 in damages per day for 300 days. (Doc. No. 1 at 25); (Doc. No. 1-1 at 43).

II. **LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III. DISCUSSION

As a preliminary matter, it appears that Petitioner may be arguing that the Court should recuse itself from this action due to its rulings in Petitioner's prior unsuccessful post-conviction actions. A litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Further, a justice, judge, or magistrate judge must disqualify himself in any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455. Petitioner has failed to state any legitimate basis for the Court's recusal or disqualification and, accordingly, such request will be denied.

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court dismissed with prejudice as time-barred, case number 3:18-cv-628. See Rudisill v. United States, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive petition under § 2255(h).

Petitioner's attempt to recast the instant Motion to Vacate as a habeas petition under § 2241 is unavailing. It is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). It is only when § 2255 proves inadequate or ineffective to test the legality of detention that a federal prisoner may pursue habeas relief under § 2241 pursuant to the so-called savings clause. 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely

5

because ... an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). The petitioner bears the burden of presenting evidence that affirmatively shows that the § 2255 remedy is inadequate or ineffective. In re Eidson, 129 F.3d 1259 (4th Cir. 1997); Hood v. United States, 13 Fed. Appx. 72 (4th Cir. 2001).

Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. He essentially argues that his prior post-conviction actions were handled improperly and that he should be permitted to proceed under the § 2255(e) savings clause because an another § 2255 Motion to Vacate would be procedurally barred. Petitioner's reliance on the savings clause is misplaced as he has failed to set forth any reason warranting its application. See generally In re Vial, 115 F.3d 1192 at 1194. Therefore, this unauthorized, successive § 2255 Motion to Vacate will be dismissed for lack of jurisdiction. See Winestock, 340 F.3d at 205.

Finally, to the extent that Petitioner seeks money damages for alleged violations of his civil rights, such is not cognizable in an action pursuant to § 2241 and/or 2255. If Petitioner chooses to pursue a damages claim, he must do so in a separately filed civil action.[1]

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate is **DISMISSED** for lack of jurisdiction.

---

[1] The Court notes that Petitioner filed a civil rights suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), that was dismissed on initial review. Cloud v. United States, 2012 WL 12893400 (W.D.N.C. Dec. 28, 2012), aff'd 515 Fed. App. 242 (4th Cir. 2013). The Court makes no representations about the potential merit or procedural viability of any future action that Petitioner may choose to pursue.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 24, 2020

Frank D. Whitney
Chief United States District Judge